# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS
CORPORATION, NOVARTIS
TECHNOLOGY LLC, THE MEDICINES
COMPANY, and ALNYLAM
PHARMACEUTICALS, INC.,

                *Plaintiffs,*

      v.

CIPLA USA INC. and CIPLA LTD.,

                *Defendants.*

Civil Action No. _____

## COMPLAINT

Plaintiff Alnylam Pharmaceuticals, Inc. ("Alnylam") along with Plaintiffs The Medicines
Company, Novartis Technology LLC, and Novartis Pharmaceuticals Corporation (collectively,
"Novartis") file this Complaint for patent infringement against Cipla USA Inc. and Cipla Ltd.
(collectively, "Cipla"), and by their attorneys, hereby allege as follows:

## INTRODUCTION

1.     This is an action for patent infringement under the patent laws of the United States,
Title 35, United States Code, and for a declaratory judgment of patent infringement under 28
U.S.C. §§ 2201 and 2202, that arises out of Cipla's submission of an Abbreviated New Drug
Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to
commercially manufacture, use, offer for sale, sell, and/or import a generic version of LEQVIO®
(inclisiran) injection, 284 mg/1.5 mL, prior to the expiration of U.S. Patent No. 10,125,369 ("the
'369 patent"); U.S. Patent No. 10,851,377 ("the '377 patent"); and U.S. Patent No. 12,460,206
("the '206 patent").  These patents are referred to collectively herein as the "Patents-in-Suit."

1

2.      Cipla notified Alnylam and Novartis Pharmaceuticals Corporation by letter dated January 28, 2026 ("Cipla's Notice Letter") that it had submitted to the FDA ANDA No. 220297 ("Cipla's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of inclisiran injections, 284 mg/1.5 mL, ("Cipla's ANDA Product") prior to the expiration of the Patents-in-Suit.

## PARTIES

3.      Plaintiff Alnylam Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 675 West Kendall Street, Cambridge, Massachusetts 02142.  Alnylam is the patent owner of the Patents-in-Suit.

4.      Plaintiff The Medicines Company is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.  The Medicines Company is the exclusive licensee of the Patents-in-Suit.

5.      Plaintiff Novartis Technology LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.  Novartis Technology LLC is the exclusive sublicensee of the Patents-in-Suit.

6.      Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.  Novartis Pharmaceuticals Corporation is the exclusive sub-sublicensee of the Patents-in-Suit and the holder of New Drug Application ("NDA") No. 214012 for the manufacture and sale of inclisiran injections, 284 mg/1.5 mL, which has been approved by the FDA.

7.      On information and belief, Defendant Cipla Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400013, India. On information and belief, Cipla Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Cipla USA Inc.

8.      On information and belief, Defendant Cipla USA Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059.  On information and belief, Cipla USA Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

9.      On information and belief, Cipla USA Inc. is a wholly owned subsidiary of Cipla Ltd. and is controlled and dominated by Cipla Ltd.

10.      On information and belief, Cipla Ltd. and Cipla USA Inc. acted in concert to prepare and submit Cipla's ANDA to the FDA.

## JURISDICTION

11.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

12.      This Court has personal jurisdiction over Cipla USA Inc. and Cipla Ltd.

13.      Cipla Ltd. is subject to personal jurisdiction in Delaware because, among other things, Cipla Ltd., itself and through its wholly-owned subsidiary Cipla USA Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Cipla Ltd. itself, and through its

wholly-owned subsidiary Cipla USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware, and therefore transacts business within Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.  In addition, Cipla Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls Cipla USA Inc. and therefore the activities of Cipla USA Inc. in this jurisdiction are attributed to Cipla Ltd.

14.     Cipla USA Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Cipla USA Inc. is a corporation organized and existing under the laws of Delaware and is qualified to do business in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, on information and belief, Cipla USA Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware and therefore transacts business within Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

15.     On information and belief, Cipla knows and intends that following any approval of Cipla's ANDA No. 220297, Cipla will manufacture and import into the United States Cipla's ANDA Product and directly or indirectly market, sell, and distribute Cipla's ANDA Product throughout the United States, including in Delaware.  On information and belief, following any FDA approval of ANDA No. 220297, Cipla knows and intends that Cipla's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware. On information and belief, following any FDA approval of Cipla's ANDA No. 220297, Cipla Ltd.

and Cipla USA Inc. will act in concert to distribute and sell Cipla's ANDA Product throughout the United States, including within Delaware.

16.    On information and belief, Cipla Ltd. and Cipla USA Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Cipla's ANDA Product at issue. On information and belief, Cipla Ltd. and Cipla USA Inc. together participated in, assisted, and cooperated in the acts complained of herein.

17.    Cipla has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

18.    On information and belief, Cipla with knowledge of the Hatch-Waxman Act process, directed Cipla's Notice Letter to Alnylam and Novartis Pharmaceuticals Corporation, both of which are entities organized in Delaware, and alleged in Cipla's Notice Letter that all of the claims of the Patents-in-Suit are invalid and/or not infringed.  On information and belief, Cipla knowingly and deliberately challenged Plaintiffs' patent rights, and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Plaintiffs to bring an action for patent infringement.

19.    Because Plaintiffs are entities organized in Delaware, Plaintiffs suffer injury and consequences from Cipla's filing of Cipla's ANDA, challenging Plaintiffs' patent rights in

Delaware. On information and belief, Cipla knew that it was deliberately challenging the patent rights of Delaware entities. Cipla has been a litigant in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that, by sending Cipla's Notice Letter to Delaware entities (i.e., Plaintiffs), it would be sued in Delaware for patent infringement.

20. On information and belief, if Cipla's ANDA is approved, Cipla will directly or indirectly market, sell, and/or distribute Cipla's ANDA Product within the United States, including in Delaware, consistent with Cipla's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Cipla regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Cipla's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Cipla's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the claims of the Patents-in-Suit in the event that Cipla's ANDA Product is approved before the patents expire.

21. In addition, this Court has personal jurisdiction over Cipla because Cipla USA Inc. and Cipla Ltd. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A.

No. 25-312-MN, D.I. No. 18 (D. Del. May 12, 2025); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. 24-1333-GW, D.I. No. 24 (D. Del. Feb. 18, 2025); *Acerta Pharma B.V. et al. v. Cipla Limited et al.*, C.A. 24-587-GW, D.I. No. 10 (D. Del. July 22, 2024); *Hikma Pharmaceuticals USA Inc. v. Cipla USA, Inc. et al.*, C.A. 23-1157-GW, D.I. No. 14 (D. Del. Dec. 19, 2023).

22.     Alternatively, if Cipla Ltd.'s connections with Delaware, including its connections with Cipla USA Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Cipla Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Cipla Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

23.     Venue is proper in this district as to Cipla USA Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Cipla USA Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

24.     Venue is proper in this district as to Cipla Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Cipla Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

25.     LEQVIO® (inclisiran) is a small interfering RNA (siRNA) directed to proprotein convertase subtilisin kexin type 9 (PCSK9) mRNA indicated as an adjunct to diet and exercise to reduce low-density lipoprotein cholesterol (LDL-C) in:

- adults with hypercholesterolemia,

- adults and pediatric patients aged 12 years and older with heterozygous familial hypercholesterolemia (HeFH), and

- pediatric patients aged 12 years and older with homozygous familial hypercholesterolemia (HoFH).

26.    On information and belief, Cipla's ANDA Product is a generic version of Novartis's LEQVIO®.

27.    On information and belief, Cipla's ANDA Product is not publicly available, nor is ANDA No. 220297 accessible to the public.

## COUNT I – INFRINGEMENT OF THE '369 PATENT

28.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

29.    The '369 patent, entitled "PCSK9 iRNA compositions and methods of use thereof" (attached as Exhibit A), was duly and legally issued on November 13, 2018.

30.    Alnylam is the owner and assignee of the '369 patent.

31.    The '369 patent claims, *inter alia*, a double stranded RNAi agent that inhibits the expression of PCSK9 in a cell.

32.    The '369 patent claims, *inter alia*, LEQVIO®, and the '369 patent has been listed in connection with LEQVIO® in the FDA's Orange Book.

33.    In Cipla's Notice Letter, Cipla notified Plaintiffs of the submission of Cipla's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '369 patent.

34.    In Cipla's Notice Letter, Cipla also notified Plaintiffs that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '369 patent.  On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to

21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '369 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

35.    Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '369 patent was an act of infringement of one or more claims of the '369 patent under 35 U.S.C. § 271(e)(2)(A).

36.    For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '369 patent including, for example, claim 52.

37.    According to Cipla's Notice Letter, Cipla's ANDA Product contains inclisiran, which is a double stranded RNAi agent that inhibits the expression of PCSK9 in a cell.

38.    Inclisiran comprises a sense strand and an antisense strand, wherein the sense strand comprises the nucleotide sequence of 5′-csusagacCfuGfudTuugcuuuuguL96-3′ (SEQ ID NO:1657) and the antisense strand comprises the nucleotide sequence of 5′-asCfsaAfAfAfgCfaAfaAfcAfgGfuCfuagsasa-3′ (SEQ ID NO:1663),wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U; Af, Cf, Gf and Uf are 2′-fluoro A, C, G and U; s is a phosphorothioate linkage; dT is 2′-deoxythymidine; and L96 is N-[tris(GalNAc-alkyl)-amidodecanoyl)]-4-hydroxyprolinol.

39.    In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–52, 54–63, and 65–85 of the '369 patent on any basis other than the alleged invalidity of those claims. Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '369 patent.

40.     On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

41.     On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '369 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Cipla's activities will be done with knowledge of the '369 patent and specific intent to infringe that patent.

42.     On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more of claims of the '369 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '369 patent immediately and imminently upon approval of Cipla's ANDA.

43.     Notwithstanding Cipla's knowledge of the claims of the '369 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '369 patent.

44.     On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '369 patent, including, for example, claim 52.

45.     The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '369 patent, active inducement of infringement of one or more claims of the

10

'369 patent, and/or contribution to the infringement by others of one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

46.     Plaintiffs will be substantially and irreparably damaged by infringement of the '369 patent.

47.     Unless Cipla is enjoined from infringing the '369 patent, actively inducing infringement of the '369 patent, and contributing to infringement by others of the '369 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '369 PATENT

48.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

49.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '369 patent.

50.     The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '369 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

## COUNT III – INFRINGEMENT OF THE '377 PATENT

51.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

52.     The '377 patent, entitled "Methods and compositions for treating a proprotein convertase subtilisin kexin (PCSK9) gene-associated disorder" (attached as Exhibit B), was duly and legally issued on December 1, 2020.

53.    Alnylam is the owner and assignee of the '377 patent.

54.    The '377 patent claims, *inter alia*, methods of inhibiting the expression of a PCSK9 gene, comprising subcutaneously administering to the subject a fixed dose of 275 mg to 325 mg of a double stranded RNAi agent, or salt thereof.

55.    The '377 patent claims, *inter alia*, methods of using LEQVIO®, and the '377 patent has been listed in connection with LEQVIO® in the FDA's Orange Book.

56.    In Cipla's Notice Letter, Cipla notified Plaintiffs of the submission of Cipla's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '377 patent.

57.    In Cipla's Notice Letter, Cipla also notified Plaintiffs that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '377 patent.  On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '377 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

58.    Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '377 patent was an act of infringement of one or more claims of the '377 patent under 35 U.S.C. § 271(e)(2)(A).

59.     For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States, of Cipla's ANDA Product will infringe one or more claims of the '377 patent, including, for example, claim 1.

60.     On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, a method of inhibiting the expression of a PCSK9 gene in a human subject, comprising subcutaneously administering to the subject a fixed dose of 275 mg to 325 mg of Cipla's ANDA Product.

61.     According to Cipla's Notice Letter, Cipla's ANDA Product contains inclisiran, which is a double stranded RNAi agent, or salt thereof.

62.     Inclisiran comprises a sense strand and an antisense strand forming a double stranded region, wherein the sense strand comprises the nucleotide sequence of 5′-csusagacCfuGfudTuugcuuuugu-3′ (SEQ ID NO: 687) and the antisense strand comprises the nucleotide sequence of 5′-asCfsaAfAfAfgCfaAfaAfcAfgGfuCfuagsasa-3′ (SEQ ID NO: 688), wherein a, g, c and u are 2′-O-methyl (2′-OMe) A, G, C, and U; Af, Gf, Cf and Uf are 2′-fluoro A, G, C and U; dT is 2′-deoxythymidine; and s is a phosphorothioate linkage. Inclisiran comprises a double stranded RNAi agent that is conjugated to a N-acetylgalactosamine (GalNAc)3 ligand.

63.     In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–30 of the '377 patent on any basis other than the alleged invalidity of those claims. Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '377 patent.

64.     On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

13

65.     On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '377 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Cipla's activities will be done with knowledge of the '377 patent and specific intent to infringe that patent.

66.     On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '377 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '377 patent immediately and imminently upon approval of Cipla's ANDA.

67.     Notwithstanding Cipla's knowledge of the claims of the '377 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '377 patent.

68.     On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '377 patent, including, for example, claim 1.

69.     The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '377 patent, active inducement of infringement of one or more claims of the '377 patent, and/or contribution to the infringement by others of one or more claims of the '377 patent, either literally or under the doctrine of equivalents.

14

70.     Plaintiffs will be substantially and irreparably damaged by infringement of the '377 patent.

71.      Unless Cipla is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '377 PATENT

72.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

73.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '377 patent.

74.     The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '377 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '377 patent, either literally or under the doctrine of equivalents.

## COUNT V – INFRINGEMENT OF THE '206 PATENT

75.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

76.     The '206 patent, entitled "PCSK9 iRNA compositions and methods of use thereof" (attached as Exhibit C), was duly and legally issued on November 4, 2025.

77.     Alnylam is the owner and assignee of the '206 patent.

78.     The '206 patent claims, *inter alia*, a pharmaceutical composition comprising a double stranded RNAi agent that inhibits the expression of PCSK9.

79.     The '206 patent claims, *inter alia*, LEQVIO®, and the '206 patent has been listed in connection with LEQVIO® in the FDA's Orange Book.

80.     In Cipla's Notice Letter, Cipla notified Plaintiffs of the submission of Cipla's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '206 patent.

81.     In Cipla's Notice Letter, Cipla also notified Plaintiffs that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '206 patent.  On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '206 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

82.     Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '206 patent was an act of infringement of one or more claims of the '206 patent under 35 U.S.C. § 271(e)(2)(A).

83.     For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '206 patent including, for example, claim 1.

84.     According to Cipla's Notice Letter, Cipla's ANDA Product contains inclisiran, which is a double stranded RNAi agent that inhibits the expression of PCSK9 in a cell.

85.    Inclisiran comprises an antisense strand consisting of the nucleotide sequence of 5′-asCfsaAfAfAfgCfaAfaAfcAfgGfuCfuagsasa-3′ (SEQ ID NO:1663), and a sense strand consisting of the nucleotide sequence of 5′-csusagacCfuGfudTuugcuuuugu-3′ (SEQ ID NO:1657) and a ligand, wherein the ligand is conjugated to the 3′-end of the nucleotide sequence of the sense strand as shown in the following schematic



wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U, respectively; Af, Cf, Gf, and Uf are 2′-fluoro A, C, G, and U, respectively; s is a phosphorothioate linkage; dT is 2′-deoxythymidine; and X is O.  According to Cipla's Notice Letter, Cipla is seeking approval for inclisiran injection, 284 mg/1.5 mL.  On information and belief, Cipla's ANDA Product is a pharmaceutical composition comprising inclisiran.  On information and belief, the inclisiran in Cipla's ANDA Product is in a sterile aqueous solution.

86.    In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–2 of the '206 patent on any basis other than the alleged invalidity of those claims.  Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '206 patent.

87.    On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

88.    On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '206 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Cipla's activities will be done with knowledge of the '206 patent and specific intent to infringe that patent.

89.    On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '206 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '206 patent immediately and imminently upon approval of Cipla's ANDA.

90.    Notwithstanding Cipla's knowledge of the claims of the '206 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '206 patent.

91.    On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '206 patent, including, for example, claim 1.

92.    The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '206 patent, active inducement of infringement of one or more claims of the

'206 patent, and/or contribution to the infringement by others of one or more claims of the '206 patent, either literally or under the doctrine of equivalents.

93.     Plaintiffs will be substantially and irreparably damaged by infringement of the '206 patent.

94.     Unless Cipla is enjoined from infringing the '206 patent, actively inducing infringement of the '206 patent, and contributing to infringement by others of the '206 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '206 PATENT

95.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

96.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '206 patent.

97.     The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '206 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '206 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a)      A judgment that one or more claims of each of the Patents-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by Cipla's submission to the FDA of Cipla's ANDA;

b)      A judgment ordering that the effective date of any FDA approval of Cipla's ANDA

be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

c)      A permanent injunction enjoining Cipla, and all persons acting in concert with Cipla, from the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Cipla's ANDA Product, or any other drug product covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d)      A judgment declaring that the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Cipla's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, will infringe, induce the infringement of, and/or contribute to the infringement by others of the patents, either directly or under the doctrine of equivalents;

e)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

f)      Plaintiffs' costs and expenses in this action; and

g)      Such further and other relief as the Court may deem just and proper.

Dated: March 13, 2026

OF COUNSEL:

Jessamyn S. Berniker
Dov P. Grossman
Thomas S. Fletcher
Christopher J. Mandernach
Kathryn S. Kayali
Adam Pan
Molly K. Moore
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000
jberniker@wc.com
dgrossman@wc.com
tfletcher@wc.com
cmandernach@wc.com
kkayali@wc.com
apan@wc.com
mmoore@wc.com

McCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

21